### In re KINGSLEY.

(Circuit Court, S. D. New York. April 5, 1911.)

DEPOSITIONS (§ 71*)—WITNESSES—REFUSAL TO TESTIFY—AUTHORITY TO COMPEL.

> Where, in suits pending in a Circuit Court in Ohio, an order was made before issue joined authorizing defendants to take such evidence as could not be produced in open court in the form of depositions, under which defendants procured a subpœna for the appearance of a witness before a United States commissioner in the Southern district of New York, the Circuit Court in New York, on the refusal of the witness to testify, had no power, inherent or statutory, to compel the witness to testify or imprison him for contempt.

> [Ed. Note.—For other cases, see Depositions, Cent. Dig. § 132; Dec. Dig. § 71.*]

In the matter of the application to punish James R. Kingsley for contempt for refusal to testify. Denied.

Kenneth B. Halstead, for the motion.
Frank H. Platt, opposed.

LACOMBE, Circuit Judge. Two equity suits are pending in the United States Circuit Court in Ohio. Issue has not been joined in either of them. Preliminary injunctions have been granted, and motions made to dissolve the same. The court in Ohio has made an order that:

> "Defendants may take in the form of depositions such evidence as cannot be produced in open court."

Defendants procured a subpœna for the appearance of a witness before a United States commissioner sitting in this district, and, upon the witness refusing to answer questions, have made this application.

It is conceded that no provision of the federal statutes and no rule promulgated by the Supreme Court expressly authorizes the summoning and examination of a witness under these circumstances. Reliance is had upon what defendants contend is the "inherent power of a court" to issue a commission for the examination of any witnesses in any cause pending before it. The difficulty with that argument, however, is that the "inherent power" must be coterminous with the jurisdiction of the court. The Circuit Court in this district, before which the cause is not pending, is asked to compel the attendance of persons by subpœna, to constrain them to answer questions, and to imprison them if they refuse. It certainly has no "inherent power" in refer-

ence to a suit with which it has nothing to do. Its jurisdiction is purely statutory; and unless the federal statutes or the Supreme Court rules passed under authority of those statutes give it the power to interfere in this way with an individual, it cannot be held to possess such power.

I concur fully with Judge Colt's opinion on denial of a similar application in Boston last week.

Motions denied.